GERTRUDE GOLD, Landlord, Appellant, v. JOHN DANCHAK et al., Squatters, Respondents.

Supreme Court, Appellate Term, First Department, April 21, 1949.

*Meyer Levy* and *Daniel M. Cowen* for appellant.

No appearance for respondents.

*Per Curiam.* The premises in question, a store, were leased solely and exclusively for business purposes and the fact that the lessee permitted the respondents, his employees, to live on the premises did not change the type of tenancy nor did it create a right of possession in such employees, as against the landlord, upon the surrender of the premises by the lessee at the end of his lease. In the absence of permission of the landlord to the respondents to stay in possession, and upon the notice from the landlord to remove, the respondents were squatters or intruders within the purview of subdivision 4 of section 1411 of the Civil Practice Act and subject to removal thereunder. Since the premises involved were business premises, they were not within the purview of the local rent laws and therefore no certificate of eviction was required before commencing removal proceedings.

The final order should be reversed, without costs, and final order directed for landlord as prayed for in the petition, with costs.

EDER, J. (dissenting). I dissent. I vote to affirm the final order made in favor of the respondents. The majority view emphasizes that the premises were rented for business purposes. That, I think, is beside the point. The question is whether respondents are intruders or squatters. They are not. They have entered and have occupied the quarters used for dwelling purposes with the express consent and permission of the lessee and their possession and occupancy are lawful and, hence, they do not come within the category of intruder or squatter. The landlord's remedy is by action in ejectment and not by summary proceedings. An intruder or squatter is one who enters on land unlawfully. It is not this case.

HAMMER and PECORA, JJ., concur in *Per Curiam* memorandum; EDER, J., dissents in memorandum.

Final order reversed, etc.